IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-0025-GPG

**Nathan Daniel Knuth,** Inmate No. P00178643,
(**The above civil action number must appear on all future papers
  sent to the court in this action.  Failure to include this number
  may result in a delay in the consideration of your claims.**)

       Plaintiff,

v.

**RANDALL C. ARP**, Judge**;**
**RICK RAEMISH**, D.O.C. Director;
**BRANDON SHAFFER**, Chairman, Sate Board of Parole;
**EVANGELINE GRAZIANO**, Parole Officer;
**STEVE JENSON**, Deputy District Attorney;
**KATE KNOWLES**, Deputy District Attorney;
**MARTHA ESKESEN**, Private Attorney;
**KAUSHIKI CHOWDHURY**, Public Defender; and
**JAMES ABER**, James Aber, Alternate Defense Counsel,

       Defendants.

---

### ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT AND/ OR APPLICATION FOR HABEAS CORPUS RELIEF

---

Plaintiff Nathan Daniel Knuth is a prisoner in the custody of the Jefferson County

Detention Facility in Golden, Colorado.  Plaintiff, acting *pro se*, initiated this action by

filing a Prisoner Complaint alleging that his constitutional rights were violated.  Plaintiff

has been granted leave to proceed pursuant to 42 U.S.C. § 1915.

The Court must construe the Complaint liberally because Plaintiff is a *pro se*

litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's

advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Plaintiff will be

ordered to file an Amended Complaint.

In his Complaint, Plaintiff asserts claims related to ongoing court proceedings. Specifically, he claims that there was no probable cause to support felony charges asserted against him in 14CR572 in Jefferson County.  Next, he claims that he was denied a prompt parole revocation hearing.  Third, he claims that the Judge assigned to hear his state habeas corpus petition wrongly denied it on the merits.  Fourth, he claims that the Judge assigned to 15cv161 intentionally misconstrued the merits of his habeas case.  Fifth, he claims that the Jefferson County District Court and Office of the Public Defender have a policy of intentionally denying the accused their right to enter the plea of their choice.   Next, he asserts that the Jefferson County District Judges have a policy of not ruling on *pro se* motions filed by represented parties.  Next he takes issue with allowing the prosecution to amend criminal informations to add new offenses.Seventh, he alleges a policy of depriving criminal defendants their right to effective assistance of counsel.  Eighth, he claims that the Colorado Department of Corrections has a policy of failing to comply with their statutory duty of promptly informing each prisoner, in writing, of the source and nature of any untried indictment, information, or criminal complaint against him of which the superintendent has knowledge as required by the Uniform Mandatory Disposition of Detainers Act, Colo. Rev. Stat. Ann. § 16-14-102(2).

To state a claim for relief under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States" by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  "The purpose of this requirement is to assure that constitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff

2

complains." *Blum v. Yaretsky*, 457 U.S. 991 (1982). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49 (internal quotation marks omitted).  Private persons may be said to act "'under color of' state law" if they are "jointly engaged with state officials in the challenged action." *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980).  *See also Lee v. Town of Estes Park*, 820 F.2d 1112, 1114 (10th Cir.1987).

First, Plaintiff's request for release based on the alleged constitutional violations in his criminal proceedings must be addressed in a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973).  Habeas corpus claims may not be raised in a 42 U.S.C. § 1983 action.  The Supreme Court has explained the role of habeas and civil rights actions as follows:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

*Muhammad v. Close*, 540 U.S. 749, 750 (2004); *see also Hill v. McDonough*, 547 U.S. 573, 579 (2006).  If Plaintiff wishes to pursue any habeas corpus claims he must file a separate habeas corpus action.  Before seeking habeas corpus relief in federal court, Plaintiff must exhaust state court remedies.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (noting that state court remedies must be exhausted prior to seeking

habeas corpus relief).

Second, Plaintiff's request for money damages based on the alleged constitutional violations in his criminal proceeding is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Under *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of a criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence is reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  Here, there is an underlying conviction that would be subject to invalidation based on Plaintiff's prescribed medications and his associated inability to assist in his criminal proceeding and to enter a knowing and voluntary plea.  *See Butler v. Compton*, 482 F.3d 1277, 1280 (10th Circuit 2007) (court found *Heck* was not implemented in this case but stated that when there is related underlying conviction there would be invalidation and *Heck* applies).  If the Court were to find that Plaintiff was so medicated during his trial that he was incapable of entering a voluntary and knowing plea and to assist in his defense, as suggested by Plaintiff, that finding would necessarily imply the invalidity of the conviction and sentence.

Third, Defendants Judge Randall Arp, Steve Jenson, Kate Knowles, Martha Eskenson, Kaushiki Chowbury and Janes Aber are immune from suit for the reasons stated below.

Defendant Judge Randall Arp is absolutely immune from liability in civil rights suits when he acts in his judicial capacity, unless he act in the clear absence of all jurisdiction.  *See Morales v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Scarman*, 435

U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).

Questions of competency are " 'intimately associated with the judicial phase of the

criminal process.' " *See Wolf v. Scobie*, 28 F. App'x 545, 548 (7th Cir. 2002) (citation

omitted)). Judge Arp was acting in his judicial capacity when he ruled on Plaintiff's state

habeas proceedings; he was not acting in the clear absence of all jurisdiction.

Defendants Jenson and Knowls are entitled to absolute immunity in § 1983 suits

for activities within the scope of their prosecutorial duties. *See Ambler v. Pachtman*,

424 U.S. 409, 420-24 (1976);  The Tenth Circuit has found that state prosecutors'

"decisions to prosecute, their investigatory or evidence–gathering actions, their

evaluation of evidence, their determination of whether probable cause exists, and their

determination of what information to show the court" are activities intimately associated

with the judicial process. *See Nielander v. Bd. of County Comm'rs.*, 582 F.3d 1155,

1164 (10th Cir. 2009).  Any part Defendants Knowls and Jenson played in negotiating a

plea with Plaintiff is within the scope of their prosecutorial duties.

Defendants Martha Eskesn, Kaushiki Chowdbury and James Aber, whether

private attorneys or public defenders, who represented Plaintiff, are not state actors

under § 1983 and are not proper parties to this action. *Polk County v. Dodson*, 454

U.S. 312, 318 and 325 (1981).

Moreover, as to Defendant Brandon Shaffer, members of a parole board have

absolute immunity from damages liability for actions taken in performance of the

[b]oard's official duties regarding the granting or denying of parole. *Knoll v. Webster*,

838 F.2d 450, 451 (10th Cir. 1988) (per curiam), Id. at 451. The actions of which Plaintiff

complains clearly fall into this category.  Damages simply are not available against

parole board members under these circumstances.  As to Defendant Ecangeline

Graziano, she is entitled to qualified immunity for decisions involving the revocation of

probation or parole by a probation or parole officer.  *Russ v. Uppah*, 972 F.2d 300, 303

(10th Cir. 1992).

As to his claims concerning various issues with his criminal proceedings, this

Court cannot interfere with an ongoing criminal matter.  Plaintiff's must address the

matters he complains of in his particular criminal proceeding, *i.e.*, failure to accept guilty

plea, failure to comply with the UMDDA, ineffective assistance of counsel, failure to hold

prompt parole hearing, *etc.*  To the extent his concerns are not favorably addressed in

his criminal or parole proceedings, he must exhaust his available state court remedies

and then file an application for a writ of habeas corpus.  This federal court is not an

overseer of state court proceedings via a civil rights complaint.

Plaintiff, therefore, will be directed to file an Amended Complaint that addresses

only claims properly brought in a 42 U.S.C. § 1983 action against properly named

defendants alleging specific actions each Defendant took and explaining how that action

violated Plaintiff's specific constitutional rights.  Vague, conclusory allegations are

insufficient to state a claim.  Plaintiff is directed that to state a claim in federal court he

must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the

defendant's action harmed him; and (4) what specific legal right the defendant violated.

*Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also is required to assert personal participation by a named defendant in

the alleged constitutional violation.  *See Bennett v. Passic* , 545 F.2d 1260, 1262-63

(10th Cir. 1976).  To establish personal participation, Plaintiff must show in the Cause of

Action section of the complaint form how the named individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

As for claims against Defendants Rick Raemisch and Brandon Shaffer, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id.* at 1199.  Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file an Amended Complaint that complies with this Order.  It is

**FURTHER ORDERED** that Plaintiff shall obtain the Court-approved Prisoner

Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Amended Complaint.  It is

**FURTHER ORDERED** that if Plaintiff fails to file an Amended Complaint that complies with this Order within the time allowed, this action will be dismissed without prejudice.

DATED January 11, 2016, at Denver, Colorado.

BY THE COURT:

/s Gordon P. Gallagher
United States Magistrate Judge

8