IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00025-GPG

NATHAN DANIEL KNUTH,

      Plaintiff,

v.

JUDGE RANDALL C. ARP,
RICK RAEMISCH,
BRANDON SHAFFER,
EVANGELINE GRAZIANO,
STEVE JENSON,
KATE KNOWLES,
MARTHA ESKESEN,
KAUSHIKI CHOWDHURY, and
JAMES ABER,

      Defendants.

---

## ORDER OF DISMISSAL

---

      Plaintiff, Nathan Daniel Knuth, is an inmate at the Jefferson County Detention Facility in Golden, Colorado.   Mr. Knuth initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 alleging his constitutional rights are being violated in connection with ongoing state court criminal proceedings.   On January 11, 2016, Magistrate Judge Gordon P. Gallagher ordered Mr. Knuth to file an amended Prisoner Complaint that is limited to claims properly raised in a § 1983 action against proper Defendants.   Magistrate Judge Gallagher warned Mr. Knuth that, if he failed to file an amended Prisoner Complaint within thirty days, the action would be dismissed without further notice.   Mr. Knuth has not filed an amended Prisoner Complaint as directed.

The Court must construe the Prisoner Complaint liberally because Mr. Knuth is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not be an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.   For the reasons discussed below, the action will be dismissed.

The Court agrees with Magistrate Judge Gallagher that Mr. Knuth may not pursue his claims in the Prisoner Complaint in this action at this time.   Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings.   *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).   Abstention is appropriate if three conditions are met: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges.   *Phelps*, 122 F.3d at 889.

The first condition is met because Mr. Knuth concedes that the state court proceedings are ongoing.   The second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."   *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45).   With respect to the third condition, Mr. Knuth fails to demonstrate the absence of an adequate opportunity to present his claims in the state proceedings.

Mr. Knuth "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of

obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).   However, the fact that Mr. Knuth will be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury.   *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977).

Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Phelps*, 122 F.3d at 889.   It is Mr. Knuth's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.*

Mr. Knuth fails to demonstrate that the criminal proceedings pending against him were commenced with no reasonable hope of success.   He also fails to demonstrate any improper motivation for the charges.   Finally, there is no indication that the criminal proceedings have been conducted in such a way as to constitute harassment or an abuse of prosecutorial discretion.   Therefore, the Court finds that *Younger* abstention is appropriate in this action.

In summary, the instant action will be dismissed because Mr. Knuth fails to allege facts that indicate he will suffer great and immediate irreparable injury if the Court does

not intervene in the ongoing state court criminal proceedings.   If Mr. Knuth ultimately is convicted in state court and he believes that his federal constitutional rights were violated in obtaining that conviction, he may challenge the conviction in federal court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the Prisoner Complaint (ECF No. 1) and the action are dismissed without prejudice.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this ___19th___ day of ___February___, 2016.

BY THE COURT:

___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

4